## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MARK W. CAHALAN, | ) | Civil Action No. 05-0309 |
| Plaintiff, | ) | |
| v. | ) | |
| AMERIQUEST MORTGAGE CO., | ) | Judge Lancaster |
| Defendant and Third-Party Plaintiff, | ) | Magistrate Judge Caiazza |
| v. | ) | |
| BEATRICE M. CAHALAN, | ) | |
| Third-Party Defendant. | ) | |

### REPORT AND RECOMMENDATION

### I. Recommendation

Mark Cahalan (" Mr. Cahalan") filed suit in the District Court alleging violations of the Real Estate Settlement and Procedure Act("RESPA"), 12 U.S.C. §§ 2601 *et seq.*, and the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.* These claims and related state law claims alleged in the complaint originate in a September 2002 loan made to Mr. Cahalan's estranged wife, Beatrice Cahalan, by Ameriquest Mortgage Co.("Ameriquest"). This loan was secured by a mortgage on real property held by the Cahalans as tenants by the entireties. Mr. Cahalan alleges that his signature on the mortgage was forged by Ameriquest or with

its knowledge, and that its failure to declare the mortgage satisfied caused him to suffer substantial economic harm. Ameriquest's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is pending. Because Mr. Cahalan has failed to state a cognizable federal claim, the court recommends that Ameriquest's motion (Doc. 18 ) be granted, and that all pendant state law claims be dismissed.

## II. **Factual and Procedural Background**

The court recounts the facts in the light most favorable to the Mr. Cahalan. Mr. and Mrs. Chahlan separated in August 2002. On September 21 of the same year, Mrs. Cahalan secured a mortgage loan from Ameriquest in order to pay off an existing encumbrance on the couple's residential property in McKees Rocks, Pennsylvania. Mr. Chahlan did not apply for, take out, or sign papers relating to the loan. He did not make payments on the loan and, in fact, did not know that it existed until June 2004, when he learned that the mortgage had been recorded in Allegheny County, Pennsylvania in September 2000. This mortgage bore his forged signature. Without delay, Mr. Cahalan notified Ameriquest that he intended to cancel the loan, and made numerous demands for satisfaction of the mortgage. He provided Ameriquest with handwriting samples and documents establishing that he and his wife were separated at the time of the loan. Ameriquest refused to declare the mortgage satisfied, and also refused to accept loan payments tendered by Mrs. Cahalan. Mr Cahalan denies placing

his signature on the loan documents, and Mrs. Cahalan denies forging or being complicit in the forgery of his signature.

In March 2005, Mr. Cahalan filed a complaint in the district court raising state law claims, and contending that Ameriquest violated federal law when it failed to make required disclosures and declined to rescind the mortgage. He asserted federal jurisdiction pursuant to 12 U.S.C. § 2614[1] and 15 U.S.C. §1640(e).[2] Ameriquest then filed a third-party complaint against Mrs. Callahan. This complaint and the counterclaim filed in response alleged violations of state law. Ameriquest then filed the pending Motion for Judgment on the Pleadings (Doc. 18) pursuant to Fed. R. Civ P. 12(c).

### III. Standard of Review

Where, as here, the court looks only to the pleadings, the standard to be applied in deciding whether to grant a Rule 12(c) motion is the same as that governing a motion filed pursuant to Fed. R. Civ. P. 12(b)(6). Alioto v. Graham, 984 F.2d 1350, 1358 (3d Cir. 1993). The court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Skirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005). It is not required, however, that the court "accept as true legal conclusions or

---

[1] This section gives the district court jurisdiction to hear disputes arising under RESPA.

[2] Under this section, district courts have jurisdiction to hear cases involving alleged violations of TILA.

unwarranted factual inferences." Mixon v. Ohio, 193 F.3d 389, 400 (6th Cir. 1999).

## IV. Analysis

The court has reviewed the pleadings against the background of the provisions comprising TILA and RESPA, and the case law interpreting them. It concludes that Mr. Cahalan does not fall within the protection extended by either statute.

TILA requires disclosure by a creditor "to the person who is obligated on a consumer credit transaction." 15 U.S.C. 1631. Every one of Cahalan's allegations relating to the loan and the mortgage reinforces his position that credit was extended to his wife alone, and that he was not present during and did not know about her application for this loan. If the court accepts Mr. Cahalan at his word, he was not offered credit, did not borrow money, did not execute the mortgage, and did not have an obligation under any aspect of the transaction between Ameriquest and his wife. In these circumstances, the mortgage was a nullity as far as he was concerned, and "cannot, as a matter of law be [the basis for] a claim under TILA." Walker v. Michael Colton Trust, 47 F. Supp. 2d 858, 865 (E.D. Mich. 1999)(citing Jensen v. Ray Kim Ford, Inc., 920 F.2d 3 (7th Cir. 1990))(holding that allegedly forged retail agreement was a nullity). Courts reached the same result in Steele v. Chase Mortgage Co., No. 04-217, 1995 WL 2077271 at *2 (E.D. Pa. August 26, 2005)(adopting rule in Jensen that forged documents are not covered by TILA) and Moazed

v. First Union Mortgage Co., 319 F. Supp. 2d 268 (D. Conn. 2004)(holding that right to rescind extends to obligors only). Because TILA does not provide a remedy for the wrongs alleged, his TILA claims must be dismissed.

Mr. Cahalan's claims under RESPA are similarly deficient as its provisions extend only to loan applicants or borrowers. 12 U.S.C. § 1605. For the same reasons that Cahalan was not an obligor within the meaning of TILA, he is not an applicant or borrower under RESPA. *See* Bieber v. Sovereign Bank, No. 95-200, 1996 WL 278813 at* 5 (E.D. Pa. May 23, 1996)(finding that statute and legislative intent make it apparent that borrowers were intended beneficiaries.)

Because Cahalan does not fall within the protection of TILA or RESPA, permitting him to amend his complaint would be futile. Consequently, Ameriquest is entitled to judgment on the pleadings with respect to these claims. The only claims remaining are those resting on state law. Because the court has dismissed the claims over which it has original jurisdiction, it declines to exercise supplemental jurisdiction over the state claims. *See* 28 U.S.C. § 1367 (c)(3). This does not mean that Cahalan lacks a remedy. He may yet file a claim for equitable recision in the state court based on his contention that his signature on the mortgage was forged. Walker, 47 F. Supp. at 866.

### V. Conclusion

For the foregoing reasons, Ameriquest's motion for judgment

on the pleadings pursuant to Fed. R. C. P. 12(b)(c) should be granted.

    In accordance with the Magistrate's Act, 29 U.S.C. § 636 (b) (1) (B), 636 (b)(1)(b) and (c), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by May 4, 2006. Responses to objections are due by May 15, 2006.

April 17, 2006

                                          <u>S/Francis X. Caiazza</u>
                                          Francis X. Caiazza
                                          United States Magistrate Judge

cc:

Mary Bower Sheats, Esq.
1310 Allegheny Bldg.
429 Forbes Ave.
Pittsburgh, PA 15219

Diana C. Wyrick, Esq.
Jayme L. Butcher, Esq.
Reed Smith
435 Sixth Ave.
Pittsburgh, PA 15219